**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

| | |
|---|---|
| Melissa Marie Martz, | CHAPTER 13 |
|                    **DEBTOR.** | CASE NO. 11-55938-PJS |
|                    / | JUDGE PHILLIP J. SHEFFERLY |

**TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**

**NOW COMES** the Chapter 13 Standing Trustee, David Wm. Ruskin, and objects to confirmation of the Chapter 13 Plan in the above matter pursuant to L.B.R. 3015-3(a) (E.D.M.) as follows:

1.      Based upon the debtor's testimony at the First Meeting of Creditors, debtor is the lessee of real property from D'am and Ham Holdings for the premises in which debtor's business is located.  However, debtor's Chapter 13 Plan fails to either assume or reject this lease as required by 11 U.S.C. Section 365.  Upon confirmation of debtor's Plan, this lease shall be deemed rejected by operation of law and debtor will no longer have the expense attendant to that lease resulting in debtor's Plan failing to comply with 11 U.S.C. Section 1325(b).  Therefore, debtor's Plan fails to comply with 11 U.S.C. Section 1325(a)(1) and 11 U.S.C. Section 1325(b) and may fail to comply with 11 U.S.C. Section 1325(a)(6).

2.      Based upon the debtor's testimony at the First Meeting of Creditors, debtor is purchasing equipment for debtor's business from Time Payment Corp.  Based upon the debtor's testimony at the First Meeting of Creditors, this purchase is done in the form of a lease with title transferring to debtor upon payment of the final lease payment.  Debtor's Plan fails to treat this obligation as either a lease under 11 U.S.C. Section 365 or as a secured claim under 11 U.S.C. Section 506 and 11 U.S.C. Section 1325(a)(5).  To the extent that this obligation is deemed a lease, debtor's failure to assume the lease will result in the lease being deemed rejected upon confirmation of debtor's Chapter 13 Plan.  Accordingly, debtor's Plan my fail to comply with 11 U.S.C. Section 1325(a)(1) and 11 U.S.C. Section 1325(b).  To the extent that the lease is deemed a secured transaction, debtor's Plan fails to comply with 11 U.S.C. Section 1325(a)(5).

3.      The Plan fails to increase its funding upon the termination of the obligation to Time Payment Corp in contravention of 11 U.S.C. Section 1325(b)(1)(B) and 11 U.S.C. Section 1325(a)(3).

4.    Based on the Plan as filed, the debtor fails to provide for the submission of sufficient future earnings or future income for the execution of the Plan in contravention of 11 U.S.C. Section 1322(a)(1).


**WHEREFORE,** the Chapter 13 Standing Trustee prays this Honorable Court deny confirmation of the debtor's Chapter 13 Plan.

OFFICE OF THE CHAPTER 13 STANDING TRUSTEE-DETROIT
David Wm. Ruskin, Chapter 13 Standing Trustee

Dated: July  25, 2011          ____/s/ Thomas D. DeCarlo_____
DAVID WM. RUSKIN (P26803)
LISA K. MULLEN (P55478)
THOMAS D. DECARLO (P65330)
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
Telephone (248) 352-7755

**IN THE MATTER OF:**

|  |  |
|---|---|
| | CHAPTER 13 |
| Melissa Marie Martz, | CASE NO. 11-55938-PJS |
| DEBTOR. | JUDGE PHILLIP J. SHEFFERLY |

_____/

## CERTIFICATE OF SERVICE OF TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN

I hereby certify that on July 25, 2011, I electronically filed the **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

The following parties were served electronically:

MARRS & TERRY PLLC
6553 JACKSON RD
ANN ARBOR, MI 48103-0000

The following parties were served via First Class Mail at the addresses below by depositing same in a United States Postal Box with the lawful amount of postage affixed thereto:

Melissa Marie Martz
35966 Somerset St.
Westland, MI 48186-4115

_____/s/ W. Noelle Balloid_____
W. Noelle Balloid
For the Office of the Chapter 13 Standing Trustee-Detroit
1100 Travelers Tower
26555 Evergreen Road
Southfield, MI 48076-4251
(248) 352-7755